UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER BRADIX, IV,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-4902** |
| **ADVANCE STORES COMPANY, INCORPORATED,**<br>    **Defendant** | **SECTION "E"(3)** |

### ORDER AND REASONS

Before the Court is the Defendant Advance Stores Company, Incorporated's motion to dismiss the class-action petition of Plaintiff Walter Bradix, IV, "for lack of standing and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)."[1] Plaintiff timely opposed the motion.[2] Defendant moved for leave to file a reply, which plaintiff opposed.[3] For the reasons stated below, the Court will grant in part Defendant's motion to dismiss in so far as the Court concludes that Plaintiff lacks Article III standing to bring this suit in federal Court. The Court, however, denies in part Defendant's motion to dismiss in that the Court will remand the instant action for lack of subject matter jurisdiction.

## I. Background

Plaintiff alleges that he is a former employee of Defendant.[4] In March 2016, Plaintiff alleges that Defendant was "duped" in an internet "phishing-type attack in which an outside party posing as an [employee of Defendant] convinced an employee to provide

---

[1] R. Doc. 8.
[2] R. Doc. 11. Upon filing his opposition, plaintiff timely requested oral argument. R. Doc. 12. The Court denied the request. R. Doc. 15.
[3] R. Docs. 16 & 17. Plaintiff makes the unsupported contention that Defendant's reply would be untimely. Defendant filed its motion for leave to file a reply on the noticed submission date for its motion to dismiss. The Court in its discretion will grant the motion for leave and considers the reply herein.
[4] R. Doc. 1-1.

1

a file containing information about certain individuals who worked for [Defendant] during 2015."[5] Plaintiff alleges the information included employee names, 2015 gross wages, social security numbers and the state in which the given employee pays income taxes.[6]

Plaintiff alleges that his personal information, along with the information of other employees, "can, and likely already has been used by the thieves, or third parties to whom such information is transferred and/or sold, to file tax returns, open revolving credit accounts, purchase vehicles and even apply for and procure a job."[7] Plaintiff alleges that he "has noticed two as-yet unidentified inquiries on his consumer credit report, both were attempts to secure vehicle financing."[8] Plaintiff alleges that Defendant has attempted to remedy the data breach by offering affected employees twenty-four months of credit monitoring services, but asserts that monitoring is "woefully inadequate" and that affected employees like Plaintiff will have to spend "significant resources both in time and financial, to correct the inevitable breaches into their personal credit histories."[9]

On April 15, 2016, Plaintiff filed the instant "Class Action Petition and Demand for Jury Trial" in the Civil District Court for the Parish of Orleans.[10] The petition alleges that Defendant's conduct with regards to the phishing-type attack constituted negligence, gross negligence, a breach of Defendant's fiduciary duty, and an invasion of privacy under

---

[5] *Id.* at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*
[10] *See generally* R. Doc. 1-1.

Louisiana law.[11] In the petition, Plaintiff asserts that the class he seeks to represent "could theoretically be 75,000 strong."[12]

On May 10, 2016, Defendant removed the action to this Court, asserting that removal was proper and that the Court has federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA").[13] Defendant asserts that all requirements for subject matter jurisdiction under CAFA have been satisfied, because the minimal diversity exists, there are at least 100 putative class members, and the amount in controversy exceeds $5 million.[14] Defendant further asserts that none of CAFA's removal exceptions apply.[15]

On June 7, 2016, Defendant filed the instant motion to dismiss.[16] Notably, Defendant argues in the motion that the Court lacks subject-matter jurisdiction under Rule 12(1) and also that Plaintiff has failed to state a claim under Rule 12(b)(6).

## II. Arguments of the Parties

The essence of Defendant's motion to dismiss is that Plaintiff lacks Article III standing to bring this action. Specifically, Defendant argues Plaintiff "has suffered no injury that would confer the standing required for the Court to adjudicate the claim."[17] Defendant argues Plaintiff has not actually alleged that he has suffered, "theft, tax fraud, or denial or loss of credit."[18] Defendant contends this Court and the majority of others have already followed recent Supreme Court guidance to conclude that allegations of the risk of future identity theft are not cognizable injuries unless they are "certainly

---

[11] *Id.*
[12] *Id.* at 2.
[13] R. Doc. 1.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 8.
[17] R. Doc. 8.
[18] R. Doc. 8-1 at 9.

impending."[19] Defendant further argues the alleged "as yet unidentified inquiries" on Plaintiff's credit report do not permit the Court to infer an injury.[20] This is because Plaintiff has not clearly alleged any actual injury resulting from the inquiries and because credit inquiries can be made for non-injurious reasons by third parties making promotional offers or by businesses with whom the consumer already has a lending relationship.[21] Largely for the same reasons stated above, Defendant contends that the Court also cannot redress Plaintiff's speculative injuries and that the allegations do not sufficiently state damages in order to state any claim.[22]

In opposition, Plaintiff argues he has alleged a cognizable injury. Specifically, Plaintiff asserts it is "undisputed that in some instances, credit inquiries can reduce a consumer's credit score."[23] Plaintiff asserts that "at least one court ruled that depleted credit scores constitute an injury in fact sufficient for standing purposes."[24] Plaintiff further argues the very point of phishing schemes is to obtain valuably information.[25] Plaintiff puts forward the policy argument that by forcing plaintiffs to wait until they suffer an actual injury, those plaintiffs' state-law claims will often be prescribed under applicable statutes of limitation.[26] Plaintiff also argues his pleadings adequately establish each of his four claims.[27]

---

[19] *Id.* (citing *Green v. eBay, Inc.*, Civ. A. No. 14-1688, 2015 WL 2066531 at *1 (E.D.La. May 4, 2015) (Morgan, J.); *see also Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138 (2013)).
[20] *Id.* at 14 (citing *Credit Report Q&A: What are inquires and how do they affect my FICO score?*, http://www.myfico.com/crediteducation/questions/inquiry-credit-score.aspx).
[21] *Id.* at 14 (citing *Credit Report Q&A: What are inquires and how do they affect my FICO score?*, http://www.myfico.com/crediteducation/questions/inquiry-credit-score.aspx).
[22] *Id.* at 14–17. Defendant also raises the arguments that Plaintiff has failed to sufficiently allege that Defendant actually owed a fiduciary duty to Plaintiff or that Defendant's alleged invasion of privacy was intentional. *Id.* at 18–20.
[23] R. Doc. 11 at 5.
[24] *Id.* at 5–6.
[25] *Id.* at 6.
[26] *Id.* at 6–7.
[27] *Id.* at 9–12.

4

Defendant's reply emphasizes its earlier argument that Plaintiff has failed to allege any injury resulting from the unidentified inquiries, meaning Plaintiff's alleged harms are still overly speculative.[28] Defendant also reasserts that the Court has already ruled on the legal arguments on standing raised by Plaintiff and that Plaintiff has failed to state a claim.

## III. Analysis

The Court agrees with Defendant that it lacks subject-matter jurisdiction, because Plaintiff does not have Article III standing to bring the instant suit in federal court. On a finding that the Court lacks subject-matter jurisdiction in a removed action, however, dismissal is not the appropriate remedy. Instead, for the reasons stated below, the Court will remand the action to state court.[29]

Standing

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'" *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015) (citing U.S. CONST., art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (internal quotation marks and citation omitted). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (alteration in original) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The first prong focuses on whether the plaintiff suffered harm, the second focuses on who inflicted that harm, and

---

[28] R. Doc. 16-1.
[29] *Id.*

5

the third focuses on whether a favorable decision will likely alleviate that harm. *See Lujan*, 504 U.S. at 560–61. Although all three elements are required for Article III standing, the injury-in-fact element is often determinative. *See Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009); *see also Green*, 2015 WL 2066531 at *3.

The injury-in-fact element "helps ensure that the plaintiff has a personal stake in the outcome of the controversy." *Susan B. Anthony List*, 134 S. Ct. at 2341 (internal quotation marks and citation omitted). Recently, the Supreme Court in *Clapper v. Amnesty International USA* provided guidance on the standard for establishing injury-in-fact:

> [A]n injury must be concrete, particularized, and actual or imminent . . . . Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending. Thus, we have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of possible future injury are not sufficient.

*See* 133 S.Ct. at 1147 (alteration omitted) (internal quotation marks and citations omitted).

Following *Clapper*, the majority of courts faced with data breach class actions have found a lack of Article III standing due to the absence of a certainly impending injury where the complaint alleges that personal information was accessed, but does not allege actual identity theft.[30] These courts have found an increased risk of identity theft or fraud does not alone constitute a certainly impending injury.[31]

---

[30] *See Green*, 2015 WL 2066531 at *3 n.33 (listing recent standing decisions in context of data breach complaint).

[31] Plaintiff argues generally that Article III standing law is in "flux," but all but one of the cases cited to support that contention pre-date *Clapper*. R. Doc. 11 at 7–8. The one post-*Clapper*, district court decision cited by Plaintiff is distinguishable on its facts, as the Plaintiff here has not alleged the loss of stolen financial information. *See In re Adobe Sys., Inc. Privacy Litig.*, 66 F.Supp. 3d 1197 (N.D. Cal. Sept. 4, 2014); *see also* R. Doc. 1-1 at 3; *Green*, 2015 WL 2066531 at *3 n.34.

In the class action context, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (internal quotation marks and citation omitted). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

In *Green v. eBay*, this Court found the plaintiff lacked standing when alleged the risk of future identity theft or fraud resulting from the defendant's data breach. *See* 2015 WL 2066531. The Court concluded the plaintiff's complaint failed to allege that the information accessed during the breach was actually misused "or that there has even been an attempt to use it." *Id.* at *4. The Court noted that most courts addressing data breach complaints found no standing "even in cases where there were actual attempts to use the stolen information." *Id.* (citing, *e.g.*, *Peters v. St. Joseph Servs. Corp.*, No. 14-2872, 2015 WL 589561 (S.D. Tex. Feb. 11, 2015)).

A careful review of Plaintiff's complaint makes it clear there is no certainly impending injury alleged. The two "as yet unidentified" credit inquiries do not constitute cognizable injuries in fact. The Court does not hesitate in reaching this conclusion, particularly where Plaintiff has not even alleged that his credit score was adversely impacted by the two inquiries.

Plaintiff cites no legal authority in making the argument that a finding of no standing will preclude many plaintiffs from filing suit when the injuries actually occur, because of prescription rules. As such, the Court does not find it necessary to fully delve into the argument. However, the Court notes that, even if the Plaintiff might be precluded

7

from bringing his claim were the injury to actually occur after the applicable prescription period, this fact would be of no incident to a Court's Article III standing inquiry, but instead would be a matter left to the pertinent legislature to address. Furthermore, and for the reasons stated below, such a concern is of no incident in this case, because the Court will remand the action to state court.

Remand

Because standing is a matter of federal subject-matter jurisdiction, the parties or the Court *sua sponte* may question standing at any time. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).[32] The party invoking federal jurisdiction constantly bears the burden of establishing the jurisdictional requirements, including standing. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); *Crane*, 783 F.3d at 251.

In this case, it is Defendant, not Plaintiff that has invoked federal jurisdiction. Indeed, less than a month before filing the instant motion to dismiss for lack of standing, Defendant represented to this Court that federal subject matter jurisdiction existed. Now, Defendant seeks dismissal of the case for lack of subject matter jurisdiction. While CAFA does not itself make it a statutory requirement that the plaintiff in the removed action have standing, such a requirement would be unnecessary, as standing is a *constitutional* limit on federal court jurisdiction, which cannot be altered be statute. *See Summers v.*

---

[32] An attack on standing may be either 'facial' or 'factual.'" *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Defendant does not "submit[] affidavits, testimony, or other evidentiary matters" to factually challenge the Court's jurisdiction; rather, Defendant attacks the sufficiency of the Class Action Petition on the grounds that the pleaded facts do not establish Article III standing. *Id.*; R. Doc. 8. Accordingly, Defendant's motion is a facial attack, and the Court may consider only the allegations in the Class Action Petition and any documents referenced therein or attached thereto when determining whether Plaintiff's jurisdictional allegations are sufficient. *See Paterson*, 644 F.2d at 523.

*Earth Island Inst.*, 555 U.S. 488 (2009) ("injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute"); *see also Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (upon finding of no standing, where "the case did not originate in federal court but was removed there by the defendants, the federal court *must* remand the case to the state court form whence it came"). Furthermore, 28 U.S.C. § 1447(c) is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also* 28 U.S.C. § 1453(c)(1) (barring an exception for certain securities, 28 U.S.C. § 1447 applies to any removal of a class action).

Given that Congress enacted CAFA only eleven years ago and that case law on standing in data breach cases has developed only over the past few years, it is perhaps not surprising that no court in the Fifth Circuit has previously confronted this remand issue or that the parties would both miss it in their arguments addressing standing. Nonetheless, the Court concludes that the law is clear that remand, not dismissal, is the appropriate remedy to the Court's lack of federal subject-matter jurisdiction in this case. Accordingly,

**IT IS ORDERED** that Defendant's motion for leave to file a reply[33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss is **GRANTED IN PART** in that the Court concludes that it lacks subject-matter jurisdiction for lack of standing and **DENIED IN PART** in that the Court will remand, rather than dismiss the instant action.

---

[33] R. Doc. 16.

**IT IS FURTHER ORDERED** that the instant action, No. 16-4902, is **REMANDED** to the Civil District Court for the Parish of Orleans.[34]

**New Orleans, Louisiana, this 5th day of July, 2016.**

```
          _____
              SUSIE MORGAN
          UNITED STATES DISTRICT JUDGE
```

---

[34] R. Doc. 8.