# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER BRADIX, IV, individually and on behalf of all others similarly situated, | CASE NO. 2:16-cv-04902 |
| Plaintiff, | |
| v. | JUDGE SUSIE MORGAN |
| ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS, | MAGISTRATE DANIEL E. KNOWLES, III |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Advance Stores Company, Incorporated ("Advance") respectfully moves the Court to reconsider its July 6, 2016 Order (R. Doc. 18) deciding Advance's Motion to Dismiss (R. Doc. 8) to the extent the order remanded the action back to state court, rather than dismissing it outright. The Court indicated that remand was required under relevant law, but Advance submits this memorandum to bring to the Court's attention Fifth Circuit precedent that permits a district court to dismiss a removed action for lack of standing, rather than remanding it.[1]

## STANDARD OF LAW

A motion for reconsideration filed within 28 days of entry of an order is considered a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Fick v. Exxon Mobil Corp.*, No. CV 13-6608, 2016 WL 483198, at *1 (E.D. La. Feb. 8, 2016) (Morgan, J.). A motion for reconsideration must "clearly establish either a manifest error of law

---

[1] Although Plaintiff argued that the Motion to Dismiss (R. Doc. 8) should be denied, he never challenged Advance's request for dismissal as the appropriate disposition if the motion were granted or otherwise asserted that remand would be proper. (*See* R. Docs. 11 and 17.)

ny-1238964

or fact or must present newly discovered evidence." *Fick*, 2016 WL 483198, at *1 (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). The Court may grant relief under Rule 59(e) "if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error [of] law or prevent manifest injustice." *Id.* (quoting *McGillivray v. Countrywide Home Loans, Inc.*, 360 F. App'x 533, 537 (5th Cir. 2010)). The Court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Id.* (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

**ARGUMENT**

After determining that Plaintiff failed to allege any injury that would confer standing, the Court concluded, "On a finding that the Court lacks subject-matter jurisdiction in a removed action . . . dismissal is not the appropriate remedy." (R. Doc. 18 at 5.) In support of this conclusion, the Court cited *Wallace v. ConAgra Foods, Inc.*, 747 F. 3d 1025 (8th Cir. 2014), noting that "no court in the Fifth Circuit has previously confronted this remand issue." (R. Doc. 18 at 9.) That may be true in the context of data-breach cases removed under the Class Action Fairness Act, but the Fifth Circuit and district courts in this circuit have in fact addressed the appropriate disposition when a removed case is dismissed for lack of jurisdiction (whether personal or subject-matter). Those cases recognize a district court's power to dismiss a case for lack of jurisdiction when remand to state court would be futile.

The Fifth Circuit first applied the doctrine in *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir. 1990), when it affirmed the dismissal of claims for lack of personal jurisdiction after the action had been removed from state court. The plaintiffs asserted claims under tort, contract, and federal-shipping law in Louisiana state court, which the defendants removed and then moved to dismiss. *Asarco*, 912 F.2d at 785. The defendants argued that they lacked sufficient contacts in Louisiana to permit the court to exercise jurisdiction, while the plaintiffs argued that their claims

2

should be remanded. *Id.* The district court refused to remand and dismissed instead. *Id.* The Fifth Circuit affirmed, explaining that,

> Were the state action remanded, the Louisiana courts would be bound by our ruling that defendants had insufficient contacts with Louisiana to satisfy the federal due process clause requisites for personal jurisdiction. A remand thus would be a futile gesture, wasteful of scarce judicial resources, an exercise in which we decline to engage.

*Id.* at 786. The Fifth Circuit applied the futility doctrine again in *Underhill v. Porter*, 35 F.3d 560 (5th Cir. 1994), this time when it found that it lacked subject-matter jurisdiction over the plaintiff's claims. In *Underhill*, the plaintiff taxpayer had sued a tax collector in Texas. 35 F.3d at 560. The tax collector removed to federal court and then moved to dismiss for lack of subject-matter jurisdiction. *Id.* The district court granted dismissal and the Fifth Circuit affirmed, concluding that the plaintiff's "reliance on 28 U.S.C. § 1447(c) for the principle that this case must be remanded because the district court lacks subject matter jurisdiction is misplaced. Such a remand would be futile." *Id.* The court explained that for all the reasons it lacked subject-matter jurisdiction, so too would the state court. *Id.*[2]

In the present case, for all the reasons Plaintiff lacks standing in this Court so too will Plaintiff lack standing in Louisiana state courts. (*See* R. Doc. 8-1 at n.4.) Louisiana state courts can only preside over a "justiciable controversy," which requires "'actual present or immediately

---

[2] *See also* 16 Moore's Federal Practice § 105.151(iii)(E) (noting that the Fifth Circuit follows the futility doctrine); *Big Bend Tel. Co. v. Halo Wireless, Inc. (In re Halo Wireless, Inc.)*, 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012) ("[T]he Fifth Circuit embraces the futility-exception doctrine, under which the district court may dismiss, rather than remand, an action if remand would be futile because the court to which the action would be remanded would itself lack jurisdiction."). Other courts outside the Fifth Circuit embrace the doctrine as well. *See, e.g.*, *Wolff v. United States*, 76 F. App'x 867, 870 (10th Cir. 2003) ("We decline to waste further judicial resources by requiring the district court to remand [this] case to the Wyoming state court, which would inevitably dismiss the matter for lack of jurisdiction); *Deutsch v. Turner Corp.*, 324 F.3d 692, 718–19 (9th Cir. 2003) (applying doctrine for lack of subject-matter jurisdiction, because "state court would simply dismiss" if remanded); *see also Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 56 n.4 (2d Cir. 1996) (noting in dicta that the Second Circuit is willing to entertain the doctrine). The Supreme Court also entertained applying the futility doctrine in *International Primate Protection League v. Tulane Educational Fund*, 500 U.S. 72 (1991), ultimately holding that in the case before it the barriers to the suit in state court were not "sufficiently certain" to render remand futile.

threatened injury'" and more than a "hypothetical threat." *State v. Rochon*, 2011-0009 (La. 10/25/11); 75 So. 3d 876, 882 (quoting *Laird v. Tatum*, 408 U.S. 1 (1972) and *Warth v. Seldin*, 422 U.S. 490 (1975)). In determining whether a case is justiciable, Louisiana courts rely on federal jurisprudence and apply the same law this Court did when it concluded that Plaintiff's alleged harms are speculative and present no case or controversy. *Id.*[3] Remand therefore would be futile, because the state court cannot entertain this action any more than this Court can.

Advance thus respectfully asks that the Court reconsider its order remanding this action and exercise its power under the futility doctrine to dismiss the action outright.

Respectfully submitted,

*/s/ Tyler J. Rench*
R. PATRICK VANCE, T.A. (LA # 13008)
TYLER J. RENCH (LA # 34049)
Jones Walker LLP
201 St. Charles Ave., Suite 5100
New Orleans, Louisiana 70170
Telephone: (504) 582-8336
Facsimile: (504) 582-8336
pvance@joneswalker.com
trench@joneswalker.com

MICHAEL B. MILLER (NY # 2449585)
ROBERT J. BAEHR (NY # 4902151)
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
mbmiller@mofo.com
rbaehr@mofo.com
(admitted *pro hac vice*)

*Counsel for Defendant, Advance Stores Company, Inc.*

---

[3] *See also La. Fed'n of Teachers v. State*, 2011-2226, pp. 4–5 (La. 7/2/12); 94 So. 3d 760, 763–64 (state courts have no jurisdiction over claims for "generalized, speculative fear," citing the U.S. Supreme Court for guidance on justiciable controversy); *First Nat'l Bank of Picayune v. Pearl River Fabricators*, 2006-2195, p. 7 (La. 11/16/07); 971 So. 2d 302, 307–08 (state courts will not decide "abstract, hypothetical" questions, because "when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect . . . there is no subject matter on which the judgment of the court can operate"); *Prator v. Caddo Parish*, 2004-0794, pp. 5–6 (La. 12/1/04); 888 So. 2d 812, 815–16 (explaining that traditional notions of justiciability are rooted in the Louisiana state constitution's tripartite distribution of power, and citing the U.S. Supreme Court for guidance in interpreting those principles); *Abbott v. Parker*, 249 So. 2d 908, 918 (La. 1971) (citing the U.S. Supreme Court for the proposition that a "'justiciable controversy' connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract . . . .").

4

ny-1238964

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by filing the same in this Court's CM/ECF System this 7th day of July 2016.

/s/ Tyler J. Rench

5
ny-1238964