UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER BRADIX, IV,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-4902** |
| **ADVANCE STORES COMPANY,**<br>**INCORPORATED,**<br>    **Defendant** | **SECTION "E"(3)** |

## ORDER AND REASONS

Before the Court is the Defendant Advance Stores Company, Incorporated's motion for reconsideration.[1] Defendant asks the Court to reconsider its decision to remand the instant action upon a finding of no Article III standing.[2] For the reasons stated below, the Court denies the motion.

**I. Background**

Plaintiff alleges that he is a former employee of Defendant.[3] In March 2016, Plaintiff alleges that Defendant was "duped" in an internet "phishing-type attack in which an outside party posing as an [employee of Defendant] convinced an employee to provide a file containing information about certain individuals who worked for [Defendant] during 2015."[4] Plaintiff alleges the information included employee names, 2015 gross wages, social security numbers and the state in which the given employee pays income taxes.[5]

Plaintiff alleges that his personal information, along with the information of other employees, "can, and likely already has been used by the thieves, or third parties to whom

---

[1] R. Doc. 20.
[2] *Id.*
[3] R. Doc. 1-1.
[4] *Id.* at 3.
[5] *Id.*

1

such information is transferred and/or sold, to file tax returns, open revolving credit accounts, purchase vehicles and even apply for and procure a job."[6] Plaintiff alleges that he "has noticed two as-yet unidentified inquiries on his consumer credit report, both were attempts to secure vehicle financing."[7] Plaintiff alleges that Defendant has attempted to remedy the data breach by offering affected employees twenty-four months of credit monitoring services, but asserts that monitoring is "woefully inadequate" and that affected employees like Plaintiff will have to spend "significant resources both in time and financial, to correct the inevitable breaches into their personal credit histories."[8]

On April 15, 2016, Plaintiff filed the instant "Class Action Petition and Demand for Jury Trial" in the Civil District Court for the Parish of Orleans.[9] The petition alleges that Defendant's conduct with regards to the phishing-type attack constituted negligence, gross negligence, a breach of Defendant's fiduciary duty, and an invasion of privacy under Louisiana law.[10] In the petition, Plaintiff asserts that the class he seeks to represent "could theoretically be 75,000 strong."[11]

On May 10, 2016, Defendant removed the action to this Court, asserting that removal was proper and that the Court has federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA").[12] On June 7, 2016, Defendant filed the instant motion to dismiss.[13] Notably, Defendant argued in the motion that the Court *lacks* subject-matter jurisdiction under Rule 12(1).

---

[6] *Id.*
[7] *Id.* at 4.
[8] *Id.*
[9] *See generally* R. Doc. 1-1.
[10] *Id.*
[11] *Id.* at 2.
[12] R. Doc. 1.
[13] R. Doc. 8.

In its ruling on Defendant's motion to dismiss, the Court agreed with Defendant that the Court lacked Article III standing.[14] However, the Court did not agree that dismissal was the appropriate remedy and instead ordered that the case be remanded to state court.[15] The Court found that Defendant's removal of the action was improper and that 28 U.S.C. § 1447(c) requires a district court lacking subject matter jurisdiction over a removed action to remand, rather than dismiss.[16]

## II. Defendant's Argument

Defendant argues that dismissal, rather than remand is appropriate in this case, because remand would be futile.[17] Defendant argues that the Fifth Circuit has embraced the "futility doctrine," which allows a district court to dismiss a removed action for lack of jurisdiction when it is clear that the court to which the case would be remanded would likewise have to dismiss the action.[18] Defendant asserts that a Louisiana court would lack standing for all the reasons a federal district court lacks standing, contending that Louisiana courts may only preside over cases involving "'actual present or immediately threatened injury' and more than a 'hypothetical threat.'"[19] Defendant argues that Louisiana courts determining justiciability issues rely on federal jurisprudence and apply federal law regarding speculative harm.[20] As such, Defendant argues that remand would be futile, because a Louisiana Court cannot exercise jurisdiction over the instant case any more than the Court can.[21]

---

[14] R. Doc. 18.
[15] *Id.*
[16] *Id.*
[17] R. Doc. 20-1.
[18] *Id.*
[19] *Id.* (quoting *State v. Rochon*, 2011-0009 (La. 10/25/11); 75 So.3d 876, 882).
[20] *Id.*
[21] *Id.*

3

**III. Analysis**

For a number of reasons, the Court is not persuaded by Defendant's argument that the futility doctrine may properly be employed in this case. As an initial matter, the Court finds that Defendant urges an overbroad understanding of the futility doctrine. Furthermore, to the extent the futility doctrine could apply to this case, the Court is not persuaded that the Court's determination that Plaintiff lacks Article III standing makes it sufficiently certain that a Louisiana court would have to dismiss the instant case upon remand.

For its advocated understanding of the futility doctrine, Defendant relies principally on the Fifth Circuit's decisions in *Asarco v. Glenara*, 912 F.2d 784 (5th Cir. 1990), and *Underhill v. Porter*, 35 F.3d 560, 1994 WL 499742 (5th Cir. 1994) (per curiam and not selected for publication). In *Asarco,* the Fifth Circuit determined that courts in Louisiana could not exercise personal jurisdiction over the defendants in the case and found that it therefore would be futile to remand the removed action to state court, given that a Louisiana court "would be bound by [the *Asarco* court's] ruling that defendants had insufficient contacts with Louisiana to satisfy the federal due process clause requisites for personal jurisdiction. *See* 912 F.2d at 787.

In *Underhill v. Porter*, which Defendant fails to mention was a per curiam decision not selected for publication,[22] the Fifth Circuit ruled that a taxpayer suit against an IRS agent could not go forward, because the federal government had not waived its sovereign immunity. *See* 1994 WL 499742 at *1–*2. The *Underhill* court found remand

---

[22] R. Doc. 20-1 at 3.

4

inappropriate, because its finding regarding the federal government's sovereign immunity would apply the same to both federal and state courts. *Id.*

Although Defendant does make reference to it at the end of a lengthy footnote,[23] Defendant fails to give proper weight to the Supreme Court's discussion of the futility doctrine in *International Primate Protection League v. Tulane Educational Fund*, 500 U.S. 72 (1991). Facing distinguishable jurisdictional issues, the Court in *Primate Protection League* nonetheless provided important insight on the standard for applying the futility doctrine and cited with favor the reasoning of a First Circuit decision that did address the futility doctrine in the context of a federal court lacking Article III standing. *See* 500 U.S. at 74–76, 88–89 (discussing *Me. Ass'n of Interdependent Neighborhoods v. Comm'n, Me. Dept. of Human Serv.*, 876 F.2d 1051 (1st Cir. 1989) (hereinafter "*M.A.I.N.*")). The Court in *Primate Protection League* clearly indicated that dismissal of a removed case, rather than remand, is only appropriate when it is "sufficiently certain" that remand would be futile. *Id.* at 88. Quoting the First Circuit's decision in *M.A.I.N.*, the Court noted the "the literal words of [28 U.S.C.] § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action" *Id.* at 89 (internal abbreviation omitted).[24] The *Primate Protection League* Court discussed with favor the *M.A.I.N.* court's decision not to employ the futility doctrine where "plaintiff's lack of Article III standing would not necessarily defeat its standing in state court." *See id.* at 88–89.

---

[23] *See* R. Doc. 20-1 at 3 n.2.
[24] As the Court noted in its Order and Reasons on Defendant's motion to dismiss, 28 U.S.C. § 1447(c) is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See also* 28 U.S.C. § 1453(c)(1) (barring an exception for certain securities, 28 U.S.C. § 1447 applies to any removal of a class action); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (upon finding of no standing, where "the case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court form whence it came").

From this binding precedent, the Court concludes that dismissal rather than remand would only be appropriate if the Court determines that Plaintiff's lack of Article III standing would *necessarily* defeat Plaintiff's standing to bring suit in state court. Defendant has failed to demonstrate that a Louisiana court would *necessarily* dismiss the instant action for lack of standing. While Louisiana Supreme Court decisions have previously referenced Article III standing and actual injury principles in crafting a Louisiana doctrine on justiciability, the Court is aware of no state constitutional provision or Louisiana Supreme Court decision firmly establishing that Louisiana necessarily follows Supreme Court precedent on Article III standing. *Cf. Rochon*, 75 So.3d at 882 (citing Supreme Court decisions in discussion of "ripeness" requirement); *La. Fed. Of Teachers v. State*, 2011-2226 (La. 7/2/12); 94 So.2d 760, 763–64 (discussing federal "guidance" on justiciability issues).

Without unambiguous state law authority, the Court would have to venture an *Erie* guess[25] to conclude that Plaintiff's lack of Article III standing in this case necessarily means he would not have standing in state court. District courts only make *Erie* guesses when properly exercising subject matter jurisdiction over substantive state law matters. Because this Court lacks subject matter jurisdiction, following the Supreme Court's discussion of the futility doctrine in *Primate Protection League*, and in light of the plain language of 28 U.S.C. § 1447(c), the Court cannot conclude that the futility doctrine applies in this case. The case shall be remanded to state court and it will be left to the state court to determine whether or not Plaintiff has standing to proceed with his suit there.

---

[25] *See e.g.*, *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000).

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration[26] is **DENIED**.

**New Orleans, Louisiana, this 8th day of July, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[26] R. Doc. 20.